LLC and what are the benefits of data sharing. Perhaps you may proceed. Good morning. My name is John Barr, I represent the appellate John Scott. In this case, tax deed matters involve in-rib jurisdiction. It is not necessary for us to obtain personal service or personal service upon any of the district parties in order for us to have jurisdiction. However, we are required to make a diligent inquiry to locate the district parties so that they receive notice. In this matter, the issue is whether or not the defendant, FDP, was notified, received the proper notice of the tax deed proceedings. We had two addresses for FDP. One off of the Secretary of State's record showing the address of the registered agent in Moline, Illinois. We also had the office address in Davenport, Iowa for them. In both cases, of course, when you're in the county, when you're in Rock Island County, the sheriff is required to attempt service. If the party is located outside of the county, then you don't have to try to get personal service, you just send a notice by registered mail. The sheriff went to the office in Moline, Illinois, attempted to serve the registered agent. He did not locate him, and so the certified mailing was sent. An individual signed for the certified mailing. The same in the Davenport address. Of course, since it's outside of Rock Island, certified mailing was sent. There were actually two certified mailings were sent there and were signed by an individual, Kim Brown, on both cases on behalf for the FDP. The judge determined that we had not met our burden of proof. Now, once we had met our burden of proof, then the burden was shifted to the other side, that they would be able to say that we did something wrong and made a mistake. Every single case cited in this matter and every case of tax deed matters in which the deed was either denied or overturned, there was some evidence that the tax pursuer made a mistake. Didn't have the correct address, did something wrong, didn't have other information, there was more information that could have been provided, something that the tax pursuer did wrong. In our case, there was absolutely no evidence that we had improper addresses for FDP or that there was another address that was available. No information, no evidence whatsoever. You essentially made one attempt to personally serve the defendant's registered agent, and you looked in the phone book, isn't that right?  We looked in the Secretary of State's records. We looked at all of the records in the real estate records in Rock Island County, and the addresses that were provided were the addresses, of course, that were made by the defendant. I mean, they're the ones that supplied this information with the Secretary of State saying here's where our office is located. They're the ones that provided the information to the Rock Island County clerk and the Rock Island assessor and all the other Rock Island officials that these were the addresses. Now, as the judge said, part of the practical problem is that we have the sheriff, we have the correct addresses, we give it to the sheriff, and even as Judge Blackwood said, the problem that we have is we give it to the sheriff, the sheriff goes out, makes one attempt, looks and says, no, I can't find somebody, nobody here, whatever, puts it in the file and says I can't find them. If there was any mistake that was made here, we had the correct addresses, no evidence that we didn't, we have no control over the sheriff as to how many times the sheriff goes out. We can't say to the Rock Island sheriff, sheriff, you made one attempt, go out and look again. We have no control over them, and in fact, Judge Blackwood said that the sheriff was our agent. Well, again, he's added to our burden of proof. We have no control over this person. How can we, if we have the correct address, we give it to the sheriff and say go out and serve it, what else are we to do? Especially when there's absolutely no evidence that those addresses were somehow incorrect or wrong. Have you ever hired a personal process server? There is a possibility that you could do that. There's no requirement that we could do that. But even then, I'm not sure what control we have over our process server. The statute was changed a few years ago to allow us to do that. But do we want to say, OK, we can't trust the sheriff, we can't use the sheriff, so now we're going to go and have a process server because we can't trust the sheriff? And I was involved in that statute when we made that change a few years ago, and we had a heck of a time convincing the sheriff's lobby to let us do that because they want the income, they want the revenue, they want to be able to handle that job. And so when we give it to the sheriff, which we do 99% of the time, that's what we do, that's where we make the search. There's no case in tax deed law that says that if the sheriff doesn't go out and serve, that that becomes our problem, especially when we have the correct addresses. 90% of the time you use the sheriff? Oh, yes. What's your rate of success using sheriffs? In a tax deed situation, remember, the vast majority of these properties are vacant. They're lots, they're alleyways, so probably small when you consider overall. When it's an occupied property, it's actually very good. Some counties better than others. We have some counties, well, the last case that I was here on was the, and it's cited in the thing, the Dr. Johnson case. We sent the Rock Island County Sheriff to Dr. Johnson, the dentist, and the sheriff sees the doctor but serves the wife, says on return that he served the sheriff, and Sheriff, you mean he served the defendant? I'm sorry, sheriff, that he served the defendant, and the wife, they're in the process of divorce, the wife doesn't tell the husband, but the trial judge said that we weren't entitled to our deed, and this court reversed that. The Dr. Johnson case says that we can rely upon the sheriff. When the sheriff says he's made a service, we can rely upon that. But keep in mind also, if you've got the correct address, which the evidence is we have, we sent the sheriff out, whether it goes once, whether it goes five times, and Blackwell's on vacation. Blackwell's gone. Does that mean we can't ever get a tax deed? No, because we don't have to get personal service. It's in rent jurisdiction. We have to make a diligent inquiry to determine if we have the right address. Mr. Brewer, what was the circumstance under which the certified mail was sent? Yes, there are two certified mailings, one, of course, from the sheriff. And if the sheriff goes out and tries to get service, as the statute provides, and can't locate the person, then they send the notice by certified mailing. And does he notify you that he's doing that? After the fact, after, yes, once he's done that, he will then put in his sheriff's return what he's done. And so, yes. So he doesn't ever contact you and say, I tried, I didn't get him, I'm going to do the certified mail. That's correct. Now, I would not say never. Some of the smaller counties, maybe, but no, as a matter. And remember, we've got a very short window here. We've got a 90-day window to get this done. So that in that 90-day window, we've got to do our searches. We've got to determine these people. We've got to get the documents ready. We've got to get them to the sheriff. We've got to get them to the circuit clerk. We've got to get them to the newspaper. And we've got to get all that done. If the sheriff serves somebody after the 90-day window, it's no good. So the sheriff has this very limited time to do this. Now, on the sheriff's mailing, there were, remember, there were two sets of mailings, one from the sheriff and one from the circuit clerk. Two of the mailings were signed by Kim Brown. I believe those were at the address in Davenport, Iowa. The other certified mailing, the one that was in Rock Island County, was signed by someone by the name of Gene Martin. Now, remember, the certified mailings say FD, FDP, Kara Blackwell Realty. It doesn't make sense that the mailman is going to come to you and say, I've got a certified mailing here for FDP. And for someone to say, well, I've never heard of them, that's not me, but let me sign my name to accept this certified mailing on their behalf. That's not going to happen. Well, but that is, you know, the people did sign for it. FDP, they signed the certified mailing, Kim Brown twice, Gene Martin once. So the evidence before the judge was that someone signed these certified mailings on behalf of FDP. It's our position then that the burden of proof would shift, would now go to the defendant. Mr. Blackwell testified. He could have easily said, Kim Brown, never heard of her, don't know who she is. Gene Martin, don't know. That's not an employee of mine. That's not where I live. That's not my address. Nothing, no evidence whatsoever by the defendant that we made any mistake, that we had wrong information or there was something else that we should have supplied to the trial court. What evidence did you put in about who they were? That they signed the certified mailing on behalf of FDP. Now, had there been some evidence put on the other side, we were prepared for rebuttal evidence. But once we met our burden, then we have a document where someone signs on behalf of that person. And the sheriff's, of course, returned that he tried to find them. Also keep in mind that in this case, the defendant moved for a directed verdict at the end of our evidence, and the judge denied it. It's black-letter law that once you present your case and the judge says you've met your burden by denying a motion for directed verdict, the burden then shifts to the defendant to present some evidence that we're wrong. And, of course, that did not happen here. No evidence whatsoever that the evidence we presented was improper or incorrect. But the judge made an error as a matter of law by, number one, not determining the proper burden of proof and then not following that burden of proof. It's a target that we're shooting at because once we presented that these are the correct addresses, the sheriff went out and tried to serve, the sheriff followed the statute by sending certified mail, the clerk sent certified mail, people signed those certified mailings, we met our burden of proof. The defendant now has the obligation to come in and say, as every one of these other cases says, we made a mistake, we had the wrong address, there's more information, something else available, something else that we could have turned to and looked at. Judge Blackwood, obviously, as he says he said, had a tough time making a decision here. He then conducted an independent investigation. As he said in his order, well, if you had looked at the phone book, as you said, you would have found this address on Wildwood Drive. Well, when we received that, there was no testimony about Wildwood Drive. We got a copy of the transcript. Of course, we filed a motion for reconsideration. John Scott had examined the real estate records. He knew that Blackwood or Blackwell had sold this property a year before we even filed our petition. We had our phone book that didn't have that address, our phone book, and all three of these items were introduced in our post-trial motion. And we find out that no judge, there was no evidence whatsoever that Blackwell lived on Wildwood Drive. That's not true. It was at that time in the post-judgment hearing that we find out that the judge had made an independent investigation, that he had actually examined, gone back to Chambers, having a tough time with the decision, and looked at a phone book and said, well, wait a minute, how hard is it to find this Blackwell character, and he looks at a phone book. We have no notice of this. We have no information about it. We're not able to refute this. We're not able to say, well, wait a minute, Judge, that's not right. And then, of course, we find this only at the time of his ruling in the post-judgment motion. The judge also said, yes, I looked at a phone book. He said, oh, and also I looked at a city directory. Well, a phone book is easy. I mean, that's probably there in your desk drawer. Where is a city directory? Now, I wasn't able to, obviously, cross-examine Judge Blackwood, but what else did he do? What else did he look at? I mean, where is a city directory that he would have to make a search? So not only did he do at least one thing he looked at, the phone book, he looked at a city directory, not sure what else he looked at, but in fact, it's not proper, of course, to make an independent investigation, and the information that he determined from this investigation was wrong. It's not. Blackwell did not reside at this Wildwood address, at least during the 90-day window when we were supposed to be making this examination. Mr. Warren, another question. Yes, ma'am. Blackwell was the corporate registered agent for FDP. Did you have an obligation to find an alternate address for him? If we had known that the address was wrong, then I would say yes, and that's what every other case says. You have two minutes. Thank you, but we had no information that that address was wrong. All we knew was that the sheriff couldn't find him at that address on the day he went out, but someone else signed on behalf of FDP. Now, once we met our burden of saying, wait, this is the address that the corporation put for the registered agent, this is where the sheriff went out, this is where somebody signed the card, we believe the answer is no. We did not have an additional burden, and every other case says that if there's a mistake, if the defendant commensurated, I lived on Main Street, I've lived there for 20 years, then the burden would have shifted back to us to refute that or to give another information. But once we've met our burden of proof, then it would shift to the defendant, and that's where the judge made a mistake as a matter of law. And that address was actually correct? That's the only evidence that there's ever, Judge. That's correct. That's the only evidence. The defendant didn't come in and say, no, you're wrong. Remember, we have no control. This is the address that the defendant gave to the Secretary of State. We have no control over that. If he had come in and said, hey, that's not the right address. I moved there five years ago, my new address is this and this, and here's how you could have found that. That's what all the other cases said. Then it's a different situation altogether. Can I just say, this property is held by a corporation, is that correct? Yes, FDP. Okay, and there's a registered agent. Yes. And the registered agent has the address of where it's supposed to be located, the registered agent, am I correct? Yes. Of where the property is? No. I'm sorry. Who are you trying to serve, the registered agent, per se? Yes, both. We have to serve the corporation, which their office is located in Davenport, Iowa. We did get them served by certified mailing. We don't have to personally serve them because they're outside the county. The registered agent, according to the records, lived in Moline, or had an office in Moline, I should say. We attempted to serve him at that office in Moline. Sheriff couldn't find him. We then sent the certified mailing, and someone signed for that certified mailing. So we're attempting to, both the corporate, at their home address, and the registered agent. That's correct. Under the law, we could have just served the registered agent at the registered agent, but we went beyond that. We served both locations because we're aware of both locations. Okay. But the corporation is a fiction. We have a registered agent. Correct. Arguably sufficient to serve only the registered agent. That's correct. That's exactly right. That's correct. But we actually went the extra step and served both locations because we knew that. Okay. Good morning. I'm Richard Davidson. I'm representing FDP, which is the defendant in this case. I would like to point out several issues that we believe are inaccurate in the plaintiff's presentation. First of all, the determination as to whether or not a diligent inquiry has been made is a question of fact. In order for the plaintiff to prevail in this case, the plaintiff has to present evidence that meets all of the elements of the property tax code to be entitled to receive a tax deed. One of those elements is that they served notice on the owner. The statute, Section 2215, requires that the owner be served in the manner of service of a summons in a regular civil case. That's not hard. Who's the owner of a corporation like this? Pardon me? Who's the owner of this property? Well, the owner of the property is the corporation. And how do you serve the corporation? You serve the registered agent. Okay. Obviously, a corporation is a legal fiction. Right. And the only way to serve a corporation is to serve an agent of the corporation. A registered agent is known to the public and properly, and you can rely on those records. Absolutely. The registered agent of this corporation is Rodney Blackwell. And it was incumbent upon the plaintiff in this case to serve the take notice, just like in a tort case, to serve the summons and the complaint on the registered agent. It's not hard. We have lots of lawsuits where the plaintiff's counsel has no problem serving the registered agent with the summons and with the complaint. The issue here is they didn't do that. They sent it by certified mail. And in order to meet the requirement of the code to serve by certified mail, they first have to present factual evidence to the circuit court that they made a diligent inquiry to serve the defendant in the county. And the county we're talking about is Rock Island County. They have to have made that diligent inquiry in Rock Island County. And the definition of a diligent inquiry is the kind of search or investigation that a diligent person would normally and usually and ordinarily make in order to ascertain a fact. They have to prove that. It's their burden of proof. This is like a criminal case. The burden of proof never shifts to the defendant. The defendant never has any obligation to prove anything in these types of cases. It's not sufficient to say I'm diligent by having the sheriff attempt personal service on the registered agent. Well, that's the question, Your Honor. And the question is, what constitutes a diligent inquiry? Yeah, let's go with that. What does constitute a diligent inquiry? We've got somebody who goes to the sheriff. It's an inquiry that is the kind of investigation a diligent person would make in order to ascertain a fact. All they did was hand a piece of paper to the sheriff and say, go serve them at this address. Mr. Davidson, the statute requires diligent inquiry and effort. Correct. And it seems like there are two different things there. And the inquiry would be, I would think, what did you do to find out who you needed to serve? And if you're dealing with a corporation, you go to the Secretary of State's office and you find out who the registered agent is and where they're located. And that ought to be sufficient diligent inquiry to serve the corporation. Then you have the question of whether there was diligent effort. And that seems to me to get to whether or not the sheriff attempted the personal service. And does the statute then allow for alternate service if personal service can't be made? It does. If the plaintiff proves that they made a diligent inquiry and effort to serve with the notice in the county, not just at one address, in the county. The statute's very clear. Where is this registered agent's address? In Rock Island County. So we're in the county. And did they not go to the sheriff and say, serve at this address? They did say go serve at that address. One time. Did they say one time? One time, yes. That was the testimony. One time. Okay. I think Justice McVeigh's analysis is right on point. Let's get off inquiry. Let's look at effort here. And are you saying that going to the sheriff with the proper registered agent's name and address in that county, to the sheriff of that county, and they were unable to effectuate personal service, that's not diligent effort? Correct. When you only go one time. Who says that? That was the testimony of the plaintiff. We know that as a fact. Right. But who says that's not sufficient at law? Judge Blackwood. And what's his basis for that? The five cases that we cite in our brief and that Judge Blackwood cites in his ruling, that efforts substantially greater than that were made, efforts substantially greater than sending the sheriff to a house or a place to serve the defendant one time. In fact, there's one case that we cite in our brief where the sheriff went to the house four times, never found the people home. The appellate court said that was not diligent inquiry and effort because you weren't really trying to find them. You were only going through the motions. That had you made a diligent inquiry and effort, you would have sent somebody to the house, you would have knocked on the neighbor's door to say where do these people work, can we serve them someplace else in the county, can we find an alternate address where service can be made in the county? Those were individuals. That's correct. Okay. We're dealing here with the registered agent of a corporation, which the corporation has said to the Secretary of State's office, this is my registered agent, this is where they are. But once you get to that point, Your Honor, you are serving an individual. You can't just say magically because this is a corporation and corporations can only act through their registered agents, that because the registered agent doesn't happen to be in that office on that day, that suddenly the requirement of diligent inquiry and effort evaporates. Simply because that person happens to be across the street having a cup of coffee and nobody knocked on any of the doors of the other tenants in that office building to say, hey, where can I find Mr. Blackwell? Oh, well, this is 10 o'clock in the morning. He's usually across the street having coffee at the Starbucks. Why don't you go over there? Under those other cases that dealt with individuals, is there anything in the record that they were sent certified mail after unable to personally serve? Yes, there is, Your Honor. In fact, there's a case from the 3rd District where the 3rd District said diligent inquiry had not been made to serve a mortgagee where the notice was sent to an out-of-state address, just like here. And the 3rd District Court stated that the registered agent in Cook County, not in the 3rd District, but in Cook County, should have been served with the notice because a diligent inquiry and effort would have required the service of that notice with the registered agent. And the registered agent was located in Illinois, in Cook County. And this court stated that that was not diligent inquiry and effort because the registered agent was readily available to be served in Cook County and no effort was made to serve him. Which case was that? I'll find that for you, Your Honor. That is, I believe, the Greentree case. Let's see. From McDonough County. Is that one of the five cases that Judge Blackwood utilized? Well, I don't believe it is, Your Honor. It's the McDonough County case. If I can find it in my brief, I'll be happy to point that out to you. Don't worry about it now. Don't take any more of your time. Okay. But that's the issue here. And we need to step back just a moment because the appellate courts have also said the determination as to whether diligent inquiry and effort has been made is a fact question. And Judge Blackwood made a factual finding. And unless his finding is against the manifest way to the evidence, the appellate court does not ordinarily reverse a fact finding made by the circuit court. And in order for this court to look into that, it has to determine is the opposite conclusion apparent or are the findings of the circuit court arbitrary, unreasonable, or not based upon the evidence? Judge Blackwood made a very specific inquiry, made very specific findings as to what effort Mr. Scott had done in order to locate the registered agent. He had done two things. He had looked in a phone book and he had sent the sheriff to one address. That's the only thing he had done. And the fact finding was that that did not meet the definition of diligent inquiry and effort. Judge Blackwood found he had not gone to the Secretary of State's records? Well, he did find the name and address of the registered agent. What he didn't do was he sent the sheriff only to one address to try to locate the registered agent. Which was the address listed in the Secretary of State's records? Which was the address listed at the Secretary of State's office. So it's not only one address, it is the... The legitimate address. Registered agent registered address for the corporation. Correct. Never apparently been changed. No, that is absolutely correct. Now, for example, Your Honor, if Mr. Blackwood had lived... If this was him personally and not his corporation and he lived at that address. And that was the address where he resided. And the sheriff went there one time and tried to serve him with the take notice and he wasn't home. And then followed up with a certified mail to that address. And then followed up with a certified letter mailed to that address. Which is exactly what happened here. Every appellate court case that has considered this issue says that that is not diligent inquiry and effort. Well, see, that's really your argument you should be making right here now is tell us why that's not. Give us the basis. How much more was done? And the others that said it wasn't diligent. The basis, Your Honor, is the fact that even the five cases that we cited to Judge Blackwood clearly lay out that two, three, four, five times the effort that was made in this case was still considered to be insufficient to meet the burden of proof. Did any of those involve corporations and registration? Well, I'm going to look here, Your Honor. The case, the McDonough County case did. And that certainly involved the service of a mortgagee. And the mortgagee and the mailing to an out-of-state address in that case was held to be insufficient. Checking a phone book, looking at the mailbox, checking the tax records, checking the deed and mortgage, visiting the home on two occasions and finding nobody home. Not enough. That's the Weatherly case. The commercial credit case, obtaining the name and address from the recorded mortgage and the address was outside the county. The commercial credit case cited in our brief. Not enough. That's not diligent inquiry. The Keyway case, obtaining a title report, looking at the track books, visiting the property, looking at a phone book, sending the sheriff to the property owner's address, calling the phone number, looking for other addresses, checking with the Secretary of State, checking with the Attorney General. Not enough. Associates Finance, an attempt to serve the property owner. Before publishing notice. Not enough. The Orr case, which is usually the granddaddy of these. Five attempts to go to the property to serve the property owner at the address where the owner lived. Not enough. Because there was no further inquiry. Just going there to see if they're home. Every appellate court that has looked at this issue has said that isn't enough. You have to try to serve them with the papers. Because the purpose of this is not to get the property owner to lose his property. The purpose of this process is to collect the taxes. And this isn't like Mr. Scott's going to walk away from this thing without anything. He gets 18% on his money. He doesn't get a tax deed. The property is redeemed. And he gets 18% as his interest for his time and effort for buying the certificate at the tax sale. Mr. Davidson, what should Mr. Scott have done? Mr. Scott should have knocked on one of the doors in the office building where the address was to see where Mr. Blackwood could be found. Mr. Scott should have picked up the phone and called Mr. Blackwood and said, Are you in Rock Island County or when do you expect to be in Rock Island County? Because we've got the sheriff that needs to serve some papers on you. Mr. Scott should have made inquiry as to where he could find Mr. Blackwood in Rock Island County. He just was going through the envelope. Mr. Blackwell. Mr. Blackwell. Yeah, we've got a Blackwood, Judge Blackwood, and Mr. Blackwell. I'm sorry if I misspoke. But he should have done something besides just looking in the telephone book saying, Oh, I guess he's not here. I can't serve him. We're going to send a letter. Thank you, Your Honor. First of all, John Scott did not instruct the sheriff just to go one time. There's no evidence of that. We have a sheet that we gave you the sheriff to go service. In the testimony, we didn't care how many times he went, just as long as he got the job done. So to say that John Scott said go one time and just do minimum stuff is not what he did at all. There's no evidence of that at all. Also, there is no case. That's what happened. Excuse me? That's what happened. That's what happened. We said go out there and serve him. We have no control over what the sheriff would do. But don't you notice that the sheriff follows up with a certified mail? Correct. I mean, can't you inquire of the sheriff how often he's gone out there, et cetera? Could. Especially if there had been no service at all. If no one had responded at all to the certified mailing. If, again, the person, Mr. Martin or Kim Brown had said, I don't know these people. I have no idea who it is. I'm not signing. Nothing. Then more would have occurred. Remember, the statute says we have to make a diligent inquiry effort to attempt to locate them. And if we can't, if they can't be located, then certified mailing is perfectly fine. There's nothing wrong with certified mailing. It's allowed by the statute. If it was personal service we had to do, then that would be different. But it doesn't matter who signs a certified mail. You would. I believe that, again, as the Dr. Johnson case, when it says FTP, you know, this is what you're signing for, it doesn't make sense that a person is going to sign on behalf of someone they have no relationship to. Plus, the burden would shift to the defendant to say, we don't know who this person is. Or this person wasn't authorized. Or this person had no contact. The burden of proof stays with you in this whole case, doesn't it? Once we've met our burden, yes. But at some point it would shift. We don't have the burden. The burden of proof never shifts, does it, in this case? Once we've met our burden, no. But once we've met our burden, and that's what the judge ruled in denying their motion, that we had met our burden of proof. Of course, we have to prove our case. You've proved a prima facie case. Correct. That's what that means, right? That's what it means. And with no evidence refuting that prima facie case, we should win. If I may address the other five cases. What was the evidence they introduced? None. As far as service, as far as location, none. The only thing Blackwell testified to is he owned 100 properties. He didn't worry about the taxes, didn't know anything about it. He talked about when he finally got noticed. Didn't testify to who Kim Brown was, who Gene Martin was, what his home address was, what his office address was. Nothing whatsoever about that. Did it matter to your client who signed it? Of course. We would want someone that's a proper person. We want the notices to be given. That's why we, for instance, on the corporation, we sent the notice not only to the registered agent but also to the company in Iowa as well. Of course, we do. We look for that. We attempt to make a diligent. So nobody put any evidence on who signed it? That's correct. Other than the... Nobody. Nobody. Other than we, the record as it says. That's correct. But you're the one who had the burden of proving that. We did. And we... I don't believe there's no case that says we have to go out when someone signs on behalf of so-and-so to prove that that person was a proper party. Counsel, you have one minute. If I could address the several cases. The Weatherly case that he had addressed. The Weatherly case did not say that five attempts was not good enough. In the Weatherly case, they didn't name the wife. The wife was not served. The wife's name was on the mailbox. The wife was the neighbor's new. So to say no, what he's done is he's taken these five cases and said, seal all the effort. Well, the tax deed was denied. The reason the tax deed was denied was not because of the five visits but because the wife wasn't served. The case you're asking about, Judge, is D.S. Associates, 662 Northeastern 2nd 535. It's the one addressed. It's called commercial credit here in the briefs. In that case, the tax buyer just looked at the mortgage. That's all he did. He took the name off the mortgage address, which was in some other state, certified mainly the other state. It was a corporation who had the mortgage. He didn't look at the Secretary of State's records. He didn't look at, made no other inquiry whatsoever to find an address for the registered agent. And the court said that's wrong. And, of course, it is wrong. That's the five mailing, the certified mailing he sent to the name on the mortgage isn't good enough. Every single one of these cases, the tax buyer did something wrong. A wrong address, didn't have more information than he could have provided. The Keyway case, that's the one where he went, or the Orr case, I should say. That's where the sheriff went out to the office several times, but the tax buyer didn't give the sheriff the home address to search. And so he had this information available. He didn't give it to the sheriff. No evidence at all that our addresses were wrong or that there was another address we could have found. Can we talk about what should someone have done? John's got to pick up the phone and say, we're filing this against you. What's your address? Where are you going to be? What did Mr. Blackwell do? He owned 100 properties. He made no effort to determine that his taxes were paid. Thank you, Counselor. We'll take a recess now for a panel change. We'll take this case under advisement.